THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HELGA SCHLUETER, PLAINTIFF IN ERROR.

Submitted October 7, 1941—Decided December 29, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the state, *Leo Robbins,* Prosecutor.

For the plaintiff in error, *David A. Veeder.*

The opinion of the court was delivered by

CASE, J. There was testimony to sustain a finding that: The accused is a young woman of German birth and parentage and was just under twenty years of age at the time in question. The accused, on her motorcycle, rode up to a group of men assembled for an exempt firemen's parade, stopped and held conversation with them. Jests were exchanged, and it was suggested by the men that one or two of them should ride with the accused on her motorcycle to a neighboring tavern for some drinks. The accused replied that she could not do that because she was a Nazi and that the police would arrest her, to which she added, "Maybe you fellows don't believe me. I will prove it to you;" whereupon she produced a paper upon which there was printing or writing in the German language—it proved to be a birth certificate issued August 18th, 1937—and bearing the Nazi insignia. With that she pulled a small American flag from the front of her motorcycle, broke the staff, tore and crumbled the flag and threw the flag to the ground.

The statute (*R. S.* 2:130-2) provided:

"Any person who shall publicly mutilate, trample upon or otherwise deface or defile any flag, standard, color or ensign of the United States or state flag of this state, whether the same be public or private property, shall be guilty of a misdemeanor."

The indictment charged that "Helga Schlueter * * * did publicly mutilate, deface and defile the flag of the United States of America, contrary to the form of the statute in such case made and provided, and against the peace of this State, the government and dignity of the same." The accused entered a plea of "not guilty." Before trial and without withdrawing that plea she moved a quashing of the indictment. At the close of the state's case she moved a direction of verdict. Both motions were denied.

The case comes before us on writ of error and also on a certified record. There are five assignments of error and a like number of specifications for reversal. The assignments and the specifications are of practically identical content. Two of them ground in the mentioned rulings, two are directed against the court's charge and the last is that the verdict was against the weight of the evidence.

Although the court will permit a plea to be withdrawn in order to hear a motion to quash, *Nicholls* v. *State, 5 N. J. L.* 539 (at *p.* 541), such motion is not timely after plea entered unless the motion is preceded by a request to withdraw the plea, *State* v. *Lambertino, 13 N. J. Mis. R.* 687. The great weight of authority in this state is that the granting or refusal of a motion to quash is a matter of judicial discretion, and the resulting rule has been declared settled. *State* v. *Riggs, 92 N. J. L.* 575; *State* v. *Ellenstein, 121 Id.* 304, 324. The rule is that the discretion will not be exercised to quash unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, a motion in arrest of judgment or a writ of error. *State* v. *Davidson, 116 Id.* 325. The denial of a motion to quash is not reviewable under the old one hundred and thirty-sixth section of the Criminal Procedure Act, now *R. S.* 2:195-16. *State* v. *Pisaniello, 88 Id.* 262.

The burden of the argument presented on behalf of the accused is that the legislative intendment was that an act to come within the statute must be committed willfully or with a willful, malicious or evil intent and that the indictment must so charge. There are instances wherein a forbidden act is completed when the act is done and there are others wherein a guilty purpose is essential. *State* v. *Silverman, 116 N. J. L.*

242. *Halsted* v. *State,* 41 *Id.* 552, illustrates the one class and *State* v. *Kuehnle,* 85 *Id.* 220, the other. See, also, *State* v. *Tachin,* 92 *Id.* 269, 275; *affirmed,* 93 *Id.* 483. The instant case falls, in our opinion, within the former class. The indictment follows closely the wording of the statute. The statute does not mention willfulness, malice or evil intent, and the indictment need not; or perhaps a better expression is to say that the statute requires no greater intent than the words of the offense carry, and that the indictment goes that far and is therefore sufficient. We understand that the statute, in making it a misdemeanor to deface or to defile the flag, used those words in their meaning of "dishonor." "Dishonor" is purposeful. The word imputes a lively sense of shaming or an equivalent acquiescent callousness. For illustration: A blind man stumbles over the flag and, not knowing what it is, walks upon it and then casts it aside. Has he "trampled" upon the flag? Has he "defaced" or "defiled" it? Has he "dishonored" it? We think not; because those words carry with them, by inherent meaning, an attitude of mind which is wholly lacking in the supposed instance. It was proper for the jury to be instructed on the essential significance of the words of the indictment, and it would have been good practice for counsel to request an appropriate charge. Counsel did not submit a request; but, notwithstanding, the court did charge the jury, in language that was certainly not prejudicial to the defendant, as follows:

"Now it is necessary in this case as in every criminal case before you can convict this defendant to believe that she deliberately committed the offense with which she stands charged and that she did it with evil intent. Even if she did destroy the flag of the United States of America by accident or without any criminal intent, there would be no crime committed. For instance, if it dropped by accident from her hand or if someone struck her hand while she was carrying the flag of the United States, or in any other way by accident or without evil intent to defile or deface the flag of the United States of America she had dropped it, she would not be guilty. * * * The question is, did she on the day in question, in the Township of Lakewood, in this county, with

intent to do so, publicly mutilate, deface or defile the flag of the United States of America; and if she did that, it is your sworn duty to find her guilty without regard to what the punishment may be, because that is not within your province."

We are of the opinion that the factual status which we outlined above and which was fully supported in the proofs was ample to warrant the jury in finding, as we must assume it did find, that the accused deliberately and with intent committed the offense charged in the indictment.

It follows that the court for procedural reasons and also upon the merits did not err in denying the motion to quash, and also that the court's refusal to direct a verdict for the defendant was without error, that the court's charge quoted above—it is specifically this portion of the charge to which the assignment of error runs—was without prejudice to the accused and that, with the proofs as we have reviewed them, the verdict was not, under our cases, contrary to the weight of the evidence.

Finally, plaintiff in error complains of the following portion of the court's charge:

"The reputation of the defendant, be it either good or bad, is no direct proof of whether or not on the day in question she committed the offense laid in the indictment; but it may be of material assistance to you, if you find that she had a good reputation theretofore, whether or not a person with such a reputation would, with intent, commit the offense laid in the indictment."

We find nothing therein prejudicial to the rights of the accused.

The judgment of conviction will be affirmed.