## COWGILL v. CALIFORNIA

No. 496.   Decided January 19, 1970

*Melville B. Nimmer* and *Laurence R. Sperber* for appellant.

*Thomas C. Lynch,* Attorney General of California, *William E. James,* Assistant Attorney General, and *Evelle J. Younger* for appellee.

PER CURIAM.

The motion to dismiss is granted and the appeal is dismissed.

MR. JUSTICE HARLAN, with whom MR. JUSTICE BRENNAN joins, concurring.

While I am of the view this appeal should be dismissed, I deem it appropriate to explain the basis for my conclusion since the issue tendered by appellant—whether symbolic expression by displaying a "mutilated" American flag is protected from punishment by the Fourteenth Amendment—is one that I cannot regard as insubstantial.   See *Street* v. *New York,* 394 U. S. 576, 594 (1969).

The record before us is not in my judgment suitable for considering this broad question as it does not adequately flush the narrower and predicate issue of whether there is a recognizable communicative aspect to appellant's conduct which appears to have consisted merely of wearing a vest fashioned out of a cut-up American flag.   Such a question, not insubstantial of itself, has been pretermitted in the Court's previous so-called

"symbolic speech" cases where the communicative content of the conduct was beyond dispute. See *Tinker* v. *Des Moines School District,* 393 U. S. 503 (1969); *Gregory* v. *City of Chicago,* 394 U. S. 111 (1969); *Brown* v. *Louisiana,* 383 U. S. 131 (1966); *Bell* v. *Maryland,* 378 U. S. 226 (1964); *Garner* v. *Louisiana,* 368 U. S. 157, 201 (concurring in judgment) (1961); *West Virginia State Board of Education* v. *Barnette,* 319 U. S. 624, 632 (1943); see generally Note, Symbolic Conduct, 68 Col. L. Rev. 1091 (1968). The Court has, as yet, not established a test for determining at what point conduct becomes so intertwined with expression that it becomes necessary to weigh the State's interest in proscribing conduct against the constitutionally protected interest in freedom of expression.*

While appellant contends that his conduct conveyed a symbolic message, the stipulated statement of facts on which this case comes to us suggests that the issue was not, in the first instance, determined as a factual matter by the trial court. Further, there is no indication that appellant either presented evidence on this question at trial or urged any standard at trial for determining that issue. I would therefore dismiss this appeal based on the inadequacy of the record for deciding the question presented. *Rescue Army* v. *Municipal Court,* 331 U. S. 549 (1947); *DeBacker* v. *Brainard, ante,* p. 28.

MR. JUSTICE DOUGLAS is of the opinion that probable jurisdiction should be noted.

---

*Chief Justice Warren, writing for the majority in *United States* v. *O'Brien,* 391 U. S. 367, 376 (1968), said: "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." The Court went on, however, to take judicial notice of the symbolic significance of draft-card burning which had become a recognized way of protesting the draft and American involvement in Vietnam.