Per Curiam.

On the evening of August 3, 1968, a New York City policeman observed the defendant affixing an American flag to a vacant building in the Borough of Brooklyn. As a crowd of about 40 to 50 people looked on, the defendant proceeded to saturate the flag with lighter fluid and then ignited it, exclaiming, “I am going to burn Johnson, Humphrey and Wallace just as I am going to burn this flag.” Upon being-informed by the policeman that he was under arrest, the defendant took a switchblade knife from his trouser pocket, warned him to ‘ ‘ stay back or else ’ ’ and then lunged at the officer. He was, however, quickly subdued.
Charged, along with other offenses, with the misdemeanor of unlawfully mutilating an American flag (General Business Law, § 136, subd. d), the defendant was adjudged guilty and sentenced to imprisonment for a term of six months. On this appeal, he contends that the provision of the General Business Law under which he was convicted is unconstitutional both on its face and as applied.
This court has already sustained the constitutionality of the statute (General Business Law, § 136, subd. d; formerly Penal Law, § 1425, subd. 16, par. d) insofar as it renders criminal the act of any person who publicly mutilates, defaces or defiles the flag. (See People v. Radich, 26 N Y 2d 114; see, also, People v. Street, 20 N Y 2d 231, revd. 394 U. S. 576; People v. Street, 24 N Y 2d 1026.) In Street (20 N Y 2d 231, supra), the Supreme Court reversed the judgment on the ground that the statute was unconstitutional as applied, since the evidence was deemed “ insufficient to eliminate the possibility either that [Street’s] words were the sole basis of his conviction or that [he] was convicted for both his words and his deed ” (394 U. S., at p. 590).[1]
We turn, then, to the question of whether it could possibly be said that Burton, the defendant before us, ‘ ‘ was convicted for both his words and his deed.” The information charged only the commission of an act, namely, that the defendant “ did publicly mutilate, deface [and] defile ” a flag. It neither sets *202 forth nor refers to any words uttered by the defendant as an element of. the alleged crime. Moreover, in announcing its verdict, the trial court declared that it found the defendant guilty of “ unlawful mutilation of the flag ” and, in the course of imposing sentence, stated that it would not ‘ ‘ be prejudiced by any reference to statements attributed to defendant ’ ’. In short, the record in this case unequivocally establishes that the sole basis for the defendant’s conviction was his act of burning the flag.
The judgment should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Judgment affirmed.

. The Supreme Court expressly reserved decision on the question whether the statute was constitutional if construed and applied solely to cover a defendant’s “burning of the flag, even though the burning was an act of protest” (394 U. S., at p. 594).