### CITY OF MIAMI v. WOLFENBERGER.
No. 7516.
Circuit Court, Dade County, Criminal Appeal.
August 18, 1971.

Stephen L. Raskin, Miami, for the appellant.

S. R. Sterbens, Miami, for the appellee.

ARTHUR E. HUTTOE, Circuit Judge.

This is an appeal from an adjudication of guilt in the Miami Municipal Court. Defendant Eugene T. Wolfenberger was arrested on December 4, 1970, and charged with violating §256.05(2), and chapter 38, §50 of the code of the city of Miami, which provides —

> It shall be unlawful to commit, within the city, any act which is recognized by the laws of the state as a misdemeanor, as set out in the Florida Statutes . . .

§256.05(2) states that —

> No person shall, in any manner, for exhibition or display: (2) Expose to public view any such flag, standard, color, ensign or shield upon which shall have been printed, painted or otherwise produced, or to which shall have been attached, appended, affixed or annexed any such word, figure, mark, picture, design, drawing or advertisement.

§256.08, adds the following definitions —

> The words flag, standard, color, ensign or shield, as used in sections 256.05-256.07, shall include any flag, standard, color, ensign or shield,

or copy, picture or representation thereof, made of any substance or represented or produced thereon, and of any size, evidently purporting to be such flag, standard, color, ensign or shield of the United States or of this state, or a copy, picture or representation thereof.

At the trial the defendant's contention that §256.05(2) was unconstitutional as violative of the first amendment of the United States Constitution was rejected by the trial judge. The testimony revealed that the defendant had attached to his helmet an American flag which had thirteen stars and thirteen stripes. Superimposed on the flag was a symbol that resembled an inverted trident and is generally recognized as the traditional peace symbol. The defendant testified that he wore the flag with the peace symbol and exposed it to public view because he "believed in peace in Vietnam" and wanted "people to know it."

Defendant argues on appeal that §256.05(2) is unconstitutional on its face because it is overbroad and that it is overbroad because traditional first amendment activity may be swept within its ambit. This court agrees. The United States Supreme Court has held on numerous occasions that if there is a reading of a penal statute which authorizes local law enforcement officers to prosecute traditional first amendment activity, such a statute is unconstitutionally overbroad, despite the fact that the statute may also purport to prohibit activity not entitled to constitutional protection. Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L. Ed.2d 471 (1965); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L. Ed.2d 697 (1963); Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L. Ed. 840 (1948).

As was noted in Long Island Vietnam Moratorium Committee v. Cahn, 437 F. 2d 344, 348 (2d Cir. 1970), a case on all fours holding New York's equivalent of §256.05(2) unconstitutional on its face, the statute,

... prohibits in clear language a myriad of uses of the flag, including not only the displaying of the emblems which plaintiffs have been distributing [the peace symbol superimposed on the American flag just as in the case at bar], but also the displaying of flags or flag-type buttons with patriotic slogans or pictures on them. It prohibits on its face all kinds of posters, buttons, symbols, slogans, and emblems such as have been used for many years in election campaigns, patriotic movements, sale of war bonds, stamps, and the use for recruiting posters. I believe we are all familiar with the television film of the American flag waving and our planes and ships superimposed thereon with the playing of the National Anthem. To hold otherwise would make the aforesaid patriotic acts a crime.

Thus the broad range of §256.05(2) would proscribe the respectful and customary use of emblems employing the flag or resembling

26

the flag, although the emblems are used to espouse ideas which are protected by the first amendment. Parker v. Morgan, 322 F. Supp. 585 (Three Judge Panel, W.D.N.C. 1971), holding North Carolina's flag statute, which is virtually identical to the statute before this court, unconstitutional.

It must of course be remembered that this court is not faced with conduct which is in any way contemptuous or disrespectful toward the American flag. Mutilating, defacing, defiling, trampling upon, or casting contempt upon the flag are acts which are made criminal by another Florida Statute. See §256.06. There is no question that such acts may be constitutionally prohibited and this court would not hesitate to uphold a conviction involving desecration of the flag under that statute. See Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L. Ed. 2d 590 (1970); Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L. Ed. 2d 572 (1968).

Finally, §256.05(2) is unconstitutional as applied to the particular flag alteration engaged in by the defendant here. Like the respectful and patriotic flag uses discussed above, defendant's flag usage is a means of expressing his views on one of the most important political issues of the day. Regardless of whether one agrees with his political position or not, such expression is protected by the first amendment right to freedom of speech. Long Island Vietnam Moratorium Committee v. Cahn, supra.; Parker v. Morgan, supra.

For these reasons, the conviction of the defendant is reversed and the cause is remanded to the trial court for the purpose of taxing costs against the city of Miami and other proceedings not inconsistent with this opinion.