**Gary Allen DEEDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44169.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 26, 1972.

Robert E. Alexander, III, Dallas, for appellant. .

Henry Wade, Dist. Atty., and Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for violating Article 152, Vernon's Ann.P.C.[1] which makes it a felony to insult the flag of the United States. Punishment was assessed by a jury at four years.

The constitutionality of Article 152 is challenged on two grounds. First, appellant argues that this state may not punish one who publicly destroys or damages an American flag as a means of protest without contravening rights protected by the First Amendment to the United States Constitution. Second, he contends that Article 152 is impermissibly vague and overbroad.

In order to determine whether appellant's rights under the First Amendment have been denied in the instant case, a decision must first be made as to whether the act of burning a flag of the United States in a public place constitutes an attempt at communication. Such an act does involve a rather crude form of communicating a person's beliefs. Mr. Justice Jackson, writing for the majority, stated in West Virginia State Board of Education v. Barnette, 319 U.S. 624, 632, 63 S.Ct. 1178, 1182, 87 L.Ed. 1628, 1634 (1943):

> "There is no doubt that, in connection with the pledges, the flag salute is a form of utterance. Symbolism is a primitive but effective way of communicating ideas. The use of an emblem or flag to symbolize some system, idea, institution, or personality, is a short cut from mind to mind. * * *"

While recognizing that the act of burning an American flag may be, in part, a form of communication, we find nothing in such act which would merit the protection of the First Amendment.

The First Amendment is grounded on the philosophy that the free exchange of divergent views is the best means of solving the problems which confront this country. Certain forms of symbolic conduct have been determined to serve this purpose and have

---

1. "Any person who shall within this State, publicly or privately, mutilate, deface, defile, defy, tramp upon, or cast contempt upon, either by word or act any flag, standard, color, or ensign of the United States, or that of any of its officers, or on any imitation of either of them, shall be confined in the penitentiary not less than two nor more than twenty-five years."

been recognized to be within the ambit of First Amendment protection. Thus, labor picketing,[2] the wearing of black arm bands [3] and political buttons,[4] refusal to salute the United States flag,[5] sit-ins,[6] and street theatre [7] have all been held to be protected forms of expression under proper circumstances.

■ However, the degree of protection afforded to communicative acts is not the same as that afforded to pure speech. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1965); Brown v. Louisiana, 383 U.S. 131, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966). In cases involving either pure communicative conduct or speech plus conduct, a sufficiently important governmental interest in regulating nonspeech aspects of the conduct can justify incidental limitations on the right of expression. United States v. O'Brien, supra; Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed. 834 (1949).

■ In the instant case, appellant burned a United States flag, or an imitation of that flag,[8] on a Sunday afternoon in a crowded public park in Dallas. There is nothing in the record to indicate that this act was performed in the context of a political rally and, aside from appellant's later explanation of his actions, nothing to indicate what ideas appellant was attempting to express by such act. The First Amendment protects the communication of *ideas,* not all communication. Incitement to

illegal action, libel, obscenity, and "fighting words", while communicative, do not express *ideas* and do not merit First Amendment protection. Brandenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). Being unable to ascertain what ideas, if any, appellant was attempting to express under the factual context of the instant case, we find no denial of his right of free expression. See Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1971) (Harlan and Brennan, JJ., concurring).

■ Even assuming that the act of flag desecration was committed within a factual framework which clearly demonstrated an intent to communicate certain ideas, we hold that a state may validly prohibit such conduct. Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1904); Hoffman v. United States, 445 F.2d 226 (D.C. Cir. 1971); Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2d Cir. 1970); Sutherland v. DeWulf, 323 F.Supp. 740 (S.D.Ill.1971); Parker v. Morgan, 322 F.Supp. 585 (W.D. N.C.1971); Crosson v. Silver, 319 F.Supp. 1084 (D.Ariz.1970).

The flag of the United States is a symbol of the nation and all its people. It

2. Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed. 834 (1949).

3. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).

4. Burnside v. Byars, 363 F.2d 744 (5th Cir. 1966); Blackwell v. Issaquena County Bd. of Educ., 363 F.2d 749 (5th Cir. 1966).

5. West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943).

6. Brown v. Louisiana, 383 U.S. 131, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966); Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961) (Harlan, J., concurring).

7. Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970).

8. The arresting officer testified that the object burned was an actual flag of the United States. Appellant testified that it was a representation of the flag, not the actual flag.

represents those who agree with governmental policies and those who dissent. It is a symbol of the unity of purpose of this nation. The act of flag desecration degrades the flag's symbolic value and weakens its unifying effect. The reasoning of the Supreme Court of the United States in Halter v. Nebraska, supra, is still applicable today.

"For that flag every true American has not simply an appreciation, but a deep affection. No American * * * ever looks upon it without taking pride in the fact that he lives under this free government. Hence, it has often occurred that insults to a flag have been the cause of war, and indignities put upon it, in the presence of those who revere it, have often been resented and sometimes punished on the spot."

Since the flag symbolizes the entire nation, not just one particular political philosophy, the state may determine that it be kept above the turmoil created by competing ideologies.

The emotions of the people of this nation are so integrally linked to this symbol that its desecration in public is an invitation to violence, not because of the ideas allegedly symbolized by such act but because of the nature of the act itself. Such an act is not essential to any exposition of ideas. It is of such slight social value as a step to truth that any benefit derived therefrom is outweighed by the state's interest in preserving order. Chaplinsky v. New Hampshire, supra.

The act of desecrating a flag involves two different aspects: one communicative and one purely physical and non-communicative. It is the nonspeech aspect of such conduct which the state has a right to regulate. That both aspects are inseparably interwoven does not preclude the state from regulating the nonspeech aspect of such conduct. United States v. O'Brien, supra; Cameron v. Johnson, 391 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed. 2d 149 (1966).

■ Article 152 is directed toward prohibiting the nonspeech aspect of flag desecration. While it incidentally limits expression, it leaves appellant free to express his views in an alternate forum.[9] United States v. O'Brien, supra; Cameron v. Johnson, supra; Adderley v. Florida, supra. Conduct, not speech, is prohibited by the statute, and the prohibition applies equally regardless of the political views of the person engaging in such acts. Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ The statute being challenged in the instant case is based upon two important governmental interests: (1) the preservation of public order and (2) the preservation of the flag as a symbol of national purpose and unity. Sutherland v. DeWulf, supra. These interests far outweigh any communicative value implied by an act of flag desecration, and the furtherance of these interests is within the police power of the state. United States v. O'Brien, supra; Hoffman v. United States, supra; Sutherland v. DeWulf, supra; Parker v. Morgan, supra. The state interest in preserving order applies just as forcefully whether the object burned is an actual flag or is an imitation so similar that persons viewing the scene would not be aware of the difference.

Appellant also contends that Article 152 is unconstitutionally vague and overbroad.

9. In every case where a valid state interest is found to justify limitations on expression, the speaker is required to choose another means to communicate his ideas. When the Supreme Court upheld the statute prohibiting the picketing of courthouses in *Cameron*, and upheld the public property trespass statute in *Adderley*, this fact was recognized as one of the reasons which justified the court in reaching such results. See United States v. O'Brien, supra (Harlan, J., concurring).

We find, however, that the vagueness and overbreadth doctrines are inapplicable in a case such as this where appellant's acts are within the prohibited zone.

In Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1968), the Supreme Court had before it a statute whose provisions were almost identical to those being challenged in the instant case. The Court held that the New York statute " * * * was unconstitutionally applied * * * because it permitted him to be punished merely for speaking defiant or contemptuous words about the American flag." The Court declined, however, to determine whether the statute was unconstitutionally vague and overbroad on its face, though these questions were properly before it and the statute prohibited casting contempt upon the flag by "words or act".[10] In reaching this result, the Court stated:

" * * * we resist the pulls to decide the constitutional issues involved in this case on a broader basis than the record before us imperatively requires."

The same reasoning was applied in Cowgill v. California, supra [11] (Harlan and Brennan, JJ., concurring).

■ Appellant's act constitutes the type of hardcore conduct which would be prohibited under any construction which we might give the statute. The record in the instant case does not require this court to determine the vagueness and overbreadth contentions.[12] Cowgill v. California, supra; Street v. New York, supra; Sutherland v. DeWulf, supra. As the court reasoned in Sutherland, supra, 323 F.Supp. at p. 748:

"It simply does not make sense to this court to apply the doctrine where the activity is unprivileged, when it was not applied by the Supreme Court (even though raised and considered) in a similar case where part of the activity involved was found constitutionally protected."

Having determined that the state may prohibit the desecration of an actual flag or an imitation so similar that persons viewing the act would not be aware of the difference, we find that the trial court did not err in refusing to give appellant's requested charge.[13] Appellant was indicted for the offense of burning a United States flag under Article 152. That statute defines a flag as an actual United States flag or an imitation thereof. Had the trial court granted appellant's request, the jury would have been required to acquit him of a crime which the statute plainly prohibits, with which the indictment charged him, and which he admitted on the stand.[14] We cannot justify such a result.

10. New York Penal Law, McKinney's Consol.Laws, c. 40, Sec. 1425(16) (d) (1909).

11. 394 U.S. 576, 581, 89 S.Ct. 1354, 1360, 22 L.Ed.2d 572 (1969).

12. We realize that a somewhat different result was reached in Crosson v. Silver, 319 F.Supp. 1084 (D.Ariz.1970). However, we see no reason to fashion a rule of constitutional law which is broader than the facts of the case require. Compare, Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2d Cir. 1970); Parker v. Morgan, 322 F. Supp. 585 (W.D.N.C. (1971); Hodsdon v. Buckson, 310 F.Supp. 528 (D.Del. 1970).

13. "Now, therefore, if you believe from the evidence beyond a reasonable doubt that defendant did burn a flag, but you further find from the evidence that the flag burned, if such there was, did not conform to the design heretofore described [a regulation flag of the United States], or if you have a reasonable doubt thereof, you will acquit the defendant."

14. The object burned was completely consumed by the flames. Appellant testified that he burned a representation of the flag, as a part of a theatrical production, to state his belief that governmental policies had soiled the flag. His theory seemed to be that the statute provides for two separate offenses; one for burning an actual flag and one for burning an imitation. We disagree with his construction of the statute for the reasons previously stated, and see no reason to place an impossible burden on the state in such cases.

Appellant also contends that four years confinement for the offense of flag desecration constitutes cruel and unusual punishment. We find no merit in this contention since the punishment assessed by the jury is within the statutory limits established by the legislature. Wilson v. State, Tex.Cr.App., 473 S.W.2d 532 (1971).

There being no reversible error, the judgment is affirmed.