# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

COMMONWEALTH vs. VALERIE GOGUEN. February 2, 1972. The defendant was convicted of publicly treating contemptuously the flag of the United States in violation of G. L. c. 264, § 5. The case is before us on the defendant's amended bill of exceptions. There was evidence that on Main Street in Leominster he was wearing a cloth American flag sewn to the seat of his blue jeans, and that certain bystanders were amused. We reject his claim that the statute is on its face or as applied to him a restraint upon the right of freedom of speech guaranteed by the First Amendment to the Constitution of the United States. *Halter* v. *Nebraska*, 205 U. S. 34, 41. *Chaplinsky* v. *New Hampshire*, 315 U. S. 568, 574. *United States* v. *O'Brien*, 391 U. S. 367, 376. *Sutherland* v. *DeWulf*, 323 F. Supp. 740, 743–746 (S. D. Ill.). *Oldroyd* v. *Kugler*, 327 F. Supp. 176, 178 (D. N. J.). Compare *Cowgill* v. *California*, 396 U. S. 371, 372 (concurring opinion of Harlan, J.); *Hiett* v. *United States*, 415 F. 2d 664, 672 (5th Cir.), cert. den. sub nom. *United States* v. *Hiett*, 397 U. S. 936. *Long Island Vietnam Moratorium Comm.* v. *Cahn*, 437 F. 2d 344, 348–350 (2d Cir.), cert. den. 400 U. S. 956. His communication, if any, was so thoroughly inarticulate as to lack the slightest redeeming social importance. See *Roth* v. *United States*, 354 U. S. 476, 484. He was not prosecuted for being "intellectually . . . diverse" or for "speech" as in *Street* v. *New York*, 394 U. S. 576, 593–594, or for a "vulgar allusion," as in *Cohen* v. *California*, 403 U. S. 15, 20. Whatever the uncertainties in other circumstances, we see no vagueness in the statute as applied here. *Sutherland* v. *DeWulf*, *supra*, at 746–749. *Oldroyd* v. *Kugler*, *supra*, at 178–179. See *Boyce Motor Lines, Inc.* v. *United States*, 342 U. S. 337, 340. Compare Rep. A. G., Pub. Doc. No. 12 (1968) 192–193. Compare *Hoffman* v. *United States*, 445 F. 2d 226, 228–229 (D. C. Cir.), with *Hodsdon* v. *Buckson*, 310 F. Supp. 528, 536 (D. Del.), *Crosson* v. *Silver*, 319 F. Supp. 1084, 1089–1090 (D. Ariz.), and *Parker* v. *Morgan*, 322 F. Supp. 585, 588–593 (W. D. N. C.). The jury could infer that the violation was intentional without reviewing any words of the defendant. *Commonwealth* v. *Williams*, 312 Mass. 553, 557. *State* v. *Turner*, 78 Wash. 2d 276, 283–284. See *People* v. *Radich*, 26 N. Y. 2d 114, 125, affd. by an equally divided court, sub nom. *Radich* v. *New York*, 401 U. S. 531. Compare *Smith* v. *California*, 361 U. S. 147, 152. The statute does not require that the flag be "official." There was no abuse of discretion in excluding evidence offered through a "vexillologist" as to the contemporary use and treatment of the flag. *Johnson* v. *Orange*, 320 Mass. 336, 338. *Scully* v.

*Joseph Connolly Ice Cream Sales Corp.* 336 Mass. 392, 394. There
was no error.

*Exceptions overruled,*

*Evan T. Lawson* (*C. Michael Malm* with him) for the defendant.

*John M. O'Connor,* Assistant District Attorney, for the Commonwealth.