265 So.2d 732 (1972)
CITY OF MIAMI, Petitioner,
v.
Eugene T. WOLFENBERGER, Respondent.
No. 71-1024.
District Court of Appeal of Florida, Third District.
August 29, 1972.
Alan H. Rothstein, City Atty., and S.R. Sterbenz, Asst. City Atty., for petitioner.
Stephen L. Raskin, Miami, for respondent.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
We are presented with a petition for writ of certiorari brought by the City of Miami as petitioner. The City seeks to have reviewed a decision of the Circuit Court in its appellate capacity. The City urges that the appellate court unlawfully reversed the conviction of the appellee in in the Municipal Court of the City of Miami. The circuit judge has fully set forth the facts and the law of the case. The City does not controvert any of the facts as stated.

* * * * * *
"Defendant Eugene T. Wolfenberger was arrested on December 4, 1970, and charged *733 with violating Section 256.05(2), 12 F.S.A., and Chapter 38, Section 50 of the Code of the City of Miami. Section 38-50 provides:
It shall be unlawful to commit, within the city, any act which is recognized by the laws of the state as a misdemeanor, as set out in the Florida Statutes...
Section 256.05(2) states that:
No person shall, in any manner, for exhibition or display: (2) Expose to public view any such flag, standard, color, ensign or shield upon which shall have been printed, painted or otherwise produced, or to which shall have been attached, appended, affixed or annexed any such word, figure, mark, picture, design, drawing or advertisement.
Section 256.08, 12 F.S.A., adds the following definitions:
The words flag, standard, color, ensign or shield, as used in Sections 256.05-256.07, shall include any flag, standard, color, ensign or shield, or copy, picture or representation thereof, made of any substance or represented or produced thereon, and of any size, evidently purporting to be such flag, standard, color, ensign or shield of the United States or of this state, or a copy, picture or representation thereof.
"At the trial the defendant's contention that Section 256.05(2) was unconstitutional as violative of the First Amendment of the United States Constitution was rejected by the trial judge. The testimony revealed that the defendant had attached to his helmet an American flag which had thirteen stars and thirteen stripes. Superimposed on the flag was a symbol that resembled an inverted trident and is generally recognized as the traditional peace symbol. The defendant testified that he wore the flag with the peace symbol and exposed it to public view because he `believed in peace in Vietnam' and wanted `people to know it.'"

* * * * * *
"The United States Supreme Court has held on numerous occasions that if there is a reading of a penal statute which authorizes local law enforcement officers to prosecute traditional First Amendment activity, such a statute is unconstitutionally overbroad, despit [sic] the fact that the statute may also purport to prohibit activity not entitled to constitutional protection. Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948).
"As was noted in Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344, 348 (2d Cir.1970), a case on all fours holding New York's equivalent of Section 256.05(2) unconstitutional on its face, the statute,
... prohibits in clear language a myriad of uses of the flag, including not only the displaying of the emblems which plaintiffs have been distributing (the peace symbol superimposed on the American flag just as in the case at bar), but also the displaying of flags or flag-type buttons with patriotic slogans or pictures on them. It prohibits on its face all kinds of posters, buttons, symbols, slogans, and emblems such as have been used for many years in election campaigns, patriotic movements, sale of war bonds, stamps, and the use for recruiting posters. I believe we are all familiar with the television film of the American flag waving and our planes and ships superimposed thereon with the playing of the National Anthem. To hold otherwise would make the aforesaid patriotic acts a crime.
"Thus the broad range of Section 256.05 (2) would proscribe the respectful and customary use of emblems employing the flag or resembling the flag, although the emblems are used to espouse ideas which *734 are protected by the First Amendment. Parker v. Morgan, 322 F. Supp. 585 (Three Judge Panel, W.D.N.D. 1971), holding North Carolina's flag statute, which is virtually identical to the statute before this court, unconstitutional.
"It must of course be remembered that this court is not faced with conduct which is in any way contemptuous or disrespectful toward the American flag. Mutilating, defacing, defiling, trampling upon, or casting contempt upon the flag are acts which are made criminal by another Florida statute. See section 256.06, 12 F.S.A. There is no question that such acts may be constitutionally prohibited and this court would not hesitate to uphold a conviction involving desecration of the flag under that statute. See Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970); Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1968).
"Finally, Section 256.05(2) is unconstitutional as applied to the particular flag alteration engaged in by the defendant here. Like the respectful and patriotic flag uses discussed above, defendant's flag usage is a means of expressing his views on one of the most important political issues of the day.
Regardless of whether one agrees with his political position or not, such expression is protected by the First Amendment right to freedom of speech. Long Island Vietnam Moratorium Committee v. Cahn, supra; Parker v. Morgan, supra."
The members of this panel are not in sympathy with the holdings of the federal courts that the First Amendment to the United States Constitution protects the type of conduct of which the defendant was convicted. Nevertheless, we feel that we are, as the circuit judge doubtless felt he was, bound by the decisions of the federal courts in this matter. We reluctantly find that the petitioner has not shown an error of law or a mistaken application of the law, and the petition for certiorari is therefore denied.