377 U.S. 402 (1964)
CHAMBERLIN ET AL.
v.
DADE COUNTY BOARD OF PUBLIC INSTRUCTION ET AL.
No. 939.
Supreme Court of United States.
Decided June 1, 1964.
APPEAL FROM THE SUPREME COURT OF FLORIDA.
Leo Pfeffer and Howard W. Dixon for appellants.
George C. Bolles for appellees.
PER CURIAM.
The motion to use the record in No. 520, October Term 1962, is granted. The judgment of the Florida Supreme Court is reversed with respect to the issues of the constitutionality of prayer, and of devotional Bible reading pursuant to a Florida statute, Fla. Stat. (1961) § 231.09, in the public schools of Dade County. School District of Abington Township v. Schempp, 374 U. S. 203. As to the other questions raised, the appeal is dismissed for want of properly presented federal questions. Asbury Hospital v. Cass County, 326 U. S. 207, 213-214.
MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK agrees, concurring in part.
I join in reversing the Supreme Court of Florida on the main issue in the case.
The "other questions raised" which the Court refuses to consider because not "properly presented" involve the constitutionality under the First and Fourteenth Amendments of baccalaureate services in the schools, a religious *403 census among pupils, and a religious test for teachers. The Florida Supreme Court disposed of those issues on the authority of Doremus v. Board of Education, 342 U. S. 429, which held that a taxpayer lacks standing to challenge religious exercises in the public schools. Irrespective of Doremus v. Board of Education, supra, I think it is arguable that appellant-taxpayers do have standing to challenge these practices.
I think, however, that two of those "other questions" the baccalaureate services and the religious censusdo not present substantial federal questions, and so I concur in the dismissal of the appeal as to them. As to the religious test for teachers,[*] I think a substantial question is presented. Cf. Torcaso v. Watkins, 367 U. S. 488. I would therefore put that question down for argument, postponing the question of jurisdiction to the merits.
MR. JUSTICE STEWART would note probable jurisdiction of this appeal and set it down for argument on the merits.
NOTES
[*] Applicants for teaching positions are required to answer the question, "Do you believe in God?" Religious attitudes are also considered in making promotions.