Request of the Senate,
No. 5622.

## OPINION OF THE JUSTICES.

Submitted April 4, 1967.
Answer returned April 6, 1967.

98

The following resolution was adopted by the Senate March 22, 1967 and filed in this court on March 23, 1967:

"Whereas, there is pending before the Senate, House Bill No. 6, An Act providing for daily opening exercises in schools, and House Concurrent Resolution No. 9, relating to installation of plaques bearing the words 'In God We Trust' in public schools, and

"Whereas, House Bill No. 6 would require all public schools to hold some form of morning exercise each day at the commencement of the first class each day, and

"Whereas, House Concurrent Resolution No. 9 would require a plaque to be displayed on the wall of each and every class room in all of our public educational institutions, on which would appear the words 'In God We Trust', and

"Whereas, the question of whether House Bill No. 6, in its original form or as amended by the House, or House Concurrent Resolution No. 9 violate any constitutional provisions of the state or United States has been asked of the committee of the senate to which they have been referred, now therefore be it

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Would the enactment of House Bill No. 6 as amended by the House of Representatives violate any constitutional provisions of the state or of the United States?

"2. Would the enactment of House Bill No. 6 in the form it was originally introduced in the House of Representatives violate any constitutional provisions of the state or of the United States?

"3. Would the enactment of House Concurrent Resolution No. 9 violate any constitutional provisions of the state or of the United States?

"Be It Further Resolved, that the President transmit seven copies each of these resolutions of House Bill No. 6 in its amended form, of House Bill No. 6 in its original form, and of House Concurrent Resolution No. 9 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution filed March 23, 1967, relating to House Bill No. 6 in both its original and amended forms and House Concurrent Resolution No. 9.

House Bill No. 6 in its original form would require a period of silence for meditation in the first class each day in all public schools. In our opinion the bill if enacted in this form would be constitutional. *Abington School District* v. *Schempp*, 374 U. S. 203, 281 ( concurring opinion ).

House Bill No. 6 in its amended form would require some form of morning exercises each day with the style and subject matter to be left to the discretion of the classroom teacher who is authorized to include "the use of the Lord's Prayer, or of any other prayer of some general use, of readings from the Holy Bible or from other religious works, a period of silent meditation, or of readings from historical or literary masterpieces; provided, however, that any explanations or summaries made shall not be in an attempt to inculcate specific beliefs or ideas."

Religious liberty in this country is guaranteed by the First Amendment to the United States Constitution which provides in part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."

This provision is binding upon the states through the Fourteenth Amendment ( *Cantwell* v. *Connecticut*, 310 U. S. 296; *Abington School District* v. *Schempp*, 374 U. S. 203 ) even if it should be at variance with a state's own constitution. See *Griffin* v. *California*, 380 U. S. 609.

The test to determine whether or not a particular enactment violates this provision has been set forth by the Supreme Court of the United States as follows: " . . . what are the purpose and

the primary effect of the enactment ? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion. *Everson* v. *Board of Education*, [330 U. S. 1]; *McGowan* v. *Maryland* [366 U. S. 420, 442]. The Free Exercise Clause, likewise considered many times here, withdraws from legislative power, state and federal, the exertion of any restraint on the free exercise of religion. Its purpose is to secure religious liberty in the individual by prohibiting any invasions thereof by civil authority. Hence it is necessary in a free exercise case for one to show the coercive effect of the enactment as it operates against him in the practice of his religion. The distinction between the two clauses is apparent — a violation of the Free Exercise Clause is predicated on coercion while the Establishment Clause violation need not be so attended. " *Abington School District* v. *Schempp*, 374 U. S. 203, 222, 223.

It is clear that if government prescribes an exercise the purpose or primary effect of which is religious, the Establishment Clause is violated even though observance on the part of students is voluntary. See also, *Engel* v. *Vitale*, 370 U. S. 421, 430. The test, therefore, under the Establishment Clause is the purpose or effect of the enactment and of the exercise it authorizes or requires.

The First Amendment, like many constitutional provisions, includes self-imposed restraints upon the majority of our people. See *West Virginia Board of Education* v. *Barnette*, 319 U. S. 624, 638 ( 1943 ). The purpose of the Establishment Clause and the Free Exercise Clause is not only to protect religious freedom of minorities but to preserve religion itself from the destructive influences which result when government and religion combine. See *Engel* v. *Vitale, supra.*

The Supreme Court of the United States said in *Schempp* at *p.* 225 that there is no prohibition against the use of the Holy Bible or other religious works in the study of literature or history nor against the study of religion when presented objectively as part of a secular program of education. This is quite different, however, from the use of the same religious works as part of a prescribed exercise as provided in House Bill No. 6 as amended. No constitutional provision prohibits a patriotic or ceremonial exercise which may include the singing of patriotic

songs, the reading from historical or literary masterpieces ( as provided in House Bill No. 6 as amended ), or the recitation of the Pledge of Allegiance even though they may contain some reference to God. See *Lewis* v. *Allen,* 11 A. D. 2d 447, *aff'd* 14 N. Y. 2d 867.

However, it has been held by the Supreme Court of the United States that the First Amendment under the test previously quoted forbids any government to compose official prayers, no matter how nondenominational, for any group of American people to recite as part of a religious program carried on by government ( *Engel* v. *Vitale, supra* ) and that it also forbids the recitation of the Lord's Prayer or the reading from the Holy Bible as part of an opening religious exercise prescribed by any government in the public schools. *Schempp, supra. Waite* v. *School Committee of Newton,* 348 Mass. 767.

In rejecting the contention that to forbid a state to require a religious exercise with the consent of a majority would infringe upon the majority's right to free exercise of religion, the Court said in *Schempp* at *p.* 226: " While the Free Exercise Clause clearly prohibits the use of state action to deny the rights of free exercise to *anyone,* it has never meant that a majority could use the machinery of the State to practice its beliefs. "

Since House Bill No. 6 in its amended form would authorize the recitation of prayers and the reading from the Holy Bible, it sanctions and encourages a religious exercise to be conducted by teachers in the public schools and would therefore be in violation of the First Amendment to the Constitution of the United States as interpreted by the Supreme Court of the United States. *Schempp, supra*; *Chamberlin* v. *Public Instruction Board,* 377 U. S. 402.

The operative provisions of House Concurrent Resolution No. 9 are contained in the first and third paragraphs following the resolving clause which read as follows:

" That there should be prominently displayed, and maintained, on the wall of each and every class room in all of our public educational institutions, a suitable plaque, on which should appear the following words, ' IN GOD WE TRUST, ' in letters not less than three inches in height. These words should be clearly legible to any person in the room. . .

" That copies of this Resolution be sent to our State Department of Education, to the various Boards of Trustees of all educational

institutions in our State, and to each School District in the State, with the request that they arrange the installation of these plaques as outlined in this Resolution. "

The words "IN GOD WE TRUST" as a national motto appear on all coins and currency, on public buildings, and in our national anthem, and the appearance of these words as a motto on plaques in the public schools need not offend the Establishment Clause of the First Amendment. *Engel* v. *Vitale,* 370 U. S. 421, 440, note 5 ( concurring opinion ); *Schempp, supra,* at 303 ( concurring opinion ).

We are of the opinion that House Concurrent Resolution No. 9 would· be constitutional if adopted after the elimination of the " Whereas " clauses and the second paragraph of the resolution itself.

In summary you are advised that House Bill No. 6 in its original form would be constitutional; that House Bill No. 6 as amended would be unconstitutional; and that House Concurrent Resolution No. 9 if adopted with the deletions suggested above would be constitutional.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.

April 6, 1967.

*R. Peter Shapiro* for affirmative answers.