Belknap,
No. 5731.

ALEXANDER LINCOLN, JR.

*v.*

HARRY E. PAGE, *Moderator & a.*

Argued April 3, 1968.
Decided April 30, 1968.

*Cleveland, Waters & Bass ( Mr. Warren E. Waters* orally ), for the plaintiff.

*John H. Ramsey* and *Upton, Sanders & Upton ( Mr. Richard F. Upton* orally ), for the defendants Page and town of Meredith.

KENISON, C. J. The plaintiff, a resident, taxpayer and voter of the town of Meredith, petitioned for an injunction to restrain the town and its moderator from the practice of inviting various local clergymen to open the annual and special meetings of the town with an invocation. The plaintiff asserts that this practice constitutes an establishment of religion in violation of the establishment clause of the First Amendment to the Constitution of the United States ( "Congress shall make no law respecting an establishment of religion . . . " ), as made applicable to the states by the Fourteenth Amendment thereof. *Cantwell* v. *Connecticut,* 310 U. S. 296; *McCollum* v. *Board of Education,* 333 U. S. 203. The defendants filed a demurrer to the petition. The Court ( *Keller,* J. ) reserved and transferred without ruling all questions of law raised by the pleadings.

Counsel have advised the court that there is no precedent squarely in point although each counsel sees a guiding light, although pointing in opposite directions, in the various majority, concurring, and dissenting opinions of the Supreme

Court of the United States for the last decade. Both counsel concede that custom, practice, local tradition and history are not conclusive in determining the reach of the First Amendment although the defendants take comfort in the words of Mr. Justice *Holmes* speaking for the court in another context: "If a thing has been practiced for two hundred years by common consent, it will need a strong case for the Fourteenth Amendment to affect it . . . . " *Jackman* v. *Rosenbaum Co.,* 260 U. S. 22, 31.

The factual background, as it appears in the pleadings, briefs and argument of counsel, is summarized even though some of the facts do not have constitutional significance. The judicial process tends to operate in a more sure-footed manner in a concrete setting than in a vacuum of absolutes. The invocation at the opening of the town meeting by a guest clergyman is not composed, selected or approved by the defendants. The invocation is not pronounced by a town officer, no oath is taken, and no public funds are expended for the invocation. The invocation is not a part of the agenda of the town meeting, attendance thereat is not compulsory and the persons selected to pronounce the invocation are rotated. The invocation is not required by any State statute or local ordinance.

This court has attempted conscientiously and faithfully to follow and apply the rulings and rationale of *Engel* v. *Vitale,* 370 U. S. 421; *Abington School District* v. *Schempp,* 374 U. S. 203 and *Chamberlin* v. *Public Instruction Bd.,* 377 U. S. 402. Thus in *Opinion of the Justices,* 108 N. H. 268 we held invalid a statute which provided for the distribution of state sweepstakes revenue to parochial and other religiously oriented schools as well as other private and public schools as a violation of the establishment clause of the First Amendment. Whether this was a correct decision may be ascertained on the appeal of *Board of Education* v. *Allen,* 20 N. Y. 2d 109, which has been recently argued and is awaiting a decision day in the Supreme Court of the United States. Kurland, Politics and the Constitution: Federal Aid to Parochial Schools, 1 Land & Water L. Rev. 475 ( 1966 ); Choper, The Establishment Clause and Aid to Parochial Schools, 56 Calif. L. Rev. 260 ( 1968 ); Giannella, Religious Liberty, Nonestablishment, and Doctrinal Development, Part II. The Nonestablishment Principle, 81 Harv.L. Rev. 513 ( 1968 ). On the other hand we have never understood that

any and every reference to the Deity constituted an establishment of religion. *State* v. *Rogers,* 105 N. H. 366. Invocations in legislative bodies, and in courts, state and federal, in the inaugurations of local, state and federal officers, and religious references in proclamations by mayors, governors and presidents are not new in this country. *Engel* v. *Vitale,* 370 U. S. 421, 435; Kauper, Religion and The Constitution 94 ( 1964 ). Reference to the Deity in coins and currency, in constitutions, on public buildings and plaques has not been considered an establishment of religion. *Opinion of the Justices,* 108 N. H. 97.

The plaintiff is correct in contending that it is no defense to say that a practice, custom or local tradition is only a minor encroachment on the First Amendment. We are aware that the "breach of neutrality that is today a trickling stream may all too soon become a raging torrent." *Abington School District* v. *Schempp,* 374 U. S. 203, 225. In other constitutional areas courts have been able to distinguish between shadow and substance, and this should not be an impossibility when construing and applying the First Amendment to the conduct of public affairs in a pluralistic society. Sutherland, Establishment According to Engel, 76 Harv. L. Rev. 25 ( 1962 ). One voter in the town of Meredith may regard an invocation as purely ceremonial, another as an historical throwback to another day and another as religious practice which should be forbidden. But however any individual voter may describe the practice, it is not, on the facts of this case, an establishment of religion proscribed by the establishment clause of the First Amendment in any pragmatic, meaningful and realistic sense of that clause. We conclude that all the virtues of the First Amendment can be preserved and protected without condemning the invocation in this case as an encroachment on the First Amendment either minor, major or incipient. See Schwarz, No Imposition of Religion: The Establishment Clause Value, 77 Yale L. J. 692 ( 1968 ); Giannella, Religious Liberty, Nonestablishment, and Doctrinal Development, Part II. The Nonestablishment Principle, 81 Harv. L. Rev. 513 ( 1968 ).

*Demurrer sustained; remanded.*

All concurred.