Tobiah C. COLE, Jr., an infant who sues by his father and next friend, Tobiah C. Cole, Sr., Plaintiff,

v.

J. Patrick GRAYBEAL, Defendant.

Civ. A. No. 70–C–44–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

May 21, 1970.

Robert P. Dwoskin, Roanoke Va., for plaintiff.

Walter Ryland, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

On March 10, 1970, the plaintiff was arrested on the campus of Virginia Polytechnic Institute for displaying an American flag sewn across the seat of his trousers. He was charged with violating the Uniform Flag Act of Virginia, §§ 18.1–423 et seq., of the Virginia Code.

On April 14, 1970, the plaintiff was convicted upon these charges by the Montgomery County Court. By appealing to the Circuit Court, the plaintiff may obtain a trial *de novo*.

The present action lies principally under 42 U.S.C. § 1983 of the Civil Rights Act. Plaintiff alleges that Virginia's Uniform Flag Act is unconstitutionally vague and overbroad. Plaintiff asks for both a preliminary and permanent injunction against further prosecution on these charges. A three judge court is requested under 28 U.S.C. § 2281.

Injunctive relief may not be granted if 28 U.S.C. § 2283, the Anti-Injunction Act, applies. This section reads:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its juris-

diction, or to protect or effectuate its judgments.

Section 2283 prohibits injunctions against pending state court prosecutions; it does not apply to injunctions against threatened or future state court proceedings. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). The purpose of § 2283 is the avoidance of needless friction between the federal and state court systems. The state court proceedings against the plaintiff were instituted before the commencement of the present suit. The state court proceedings are over unless the plaintiff takes positive action to appeal. Injunctive relief at this time is prohibited unless an exception under § 2283 applies.

■ Section 2283 describes three exceptions to its injunctive prohibitions—an injunction may issue (1) where Congress expressly authorizes, (2) in aid of the court's jurisdiction, (3) or to protect or effectuate its judgments. The question to be determined here is whether § 1983 is an "expressly authorized" exception. In our Fourth Circuit, it was early determined in Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), that § 1983 was not an "expressly authorized" exception under § 2283. Judge Haynsworth, writing for the court, held that only those statutes which could not be harmonized with § 2283 should be considered express authorizations. While determining this issue, the court granted a temporary injunction to maintain the status quo. The granting of a temporary injunction does not violate § 2283 in that it either falls outside the scope of § 2283 or is an exception thereto—in aid of the court's jurisdiction. However, the status quo is not jeopardized while this suit is pending and a temporary injunction is unnecessary.

It cannot be argued that the *Baines* decision has been overruled by the recent Supreme Court cases. That court has not to date determined the issue of whether § 1983 is an expressly authorized exception to § 2283. In the well-known decision of Dombrowski v. Pfister, sup-

ra, the Supreme Court found it unnecessary to resolve the issue. Also, in Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), the court stated that it was intimating no view on the lower court's holding that § 1983 was not an exception to the Anti-Injunction Act. Perhaps the best indication of the Supreme Court's view is found in the case of Brooks v. Briley, 274 F.Supp. 538 (M.D.Tenn.1967). The lower court found that § 1983 did not create an exception to the Anti-Injunction Act. Per curiam the Supreme Court affirmed that opinion (391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647).

Having determined that injunctive relief is prohibited by § 2283, the court is required to dismiss the suit. Inquiry into possible irreparable harm is unnecessary once § 2283 is found to apply. Irreparable harm should only be considered when the case is outside the scope of the Anti-Injunction Act or when the case falls within one of the exceptions contained in § 2283. Also, the "chilling effect" on First Amendment rights justifies federal injunctive relief only in suits where § 2283 does not apply. See Cameron v. Johnson, supra; Dombrowski v. Pfister, supra.

■ This court, acting through a single judge, cannot dismiss the action on the merits, but it may dismiss the action for want of jurisdiction. See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Section 2283 prohibits granting an injunction against the pending state proceedings. The complaint in this suit has not stated a cause of action upon which relief can be granted. Because the plaintiff has failed to properly invoke the jurisdiction of the court, the request for a three judge court is denied and the case is dismissed from the docket.

The court, by way of dictum, notes that the underlying purpose of the Virginia Act and the Federal Act (18 U.S.C. § 700) is to protect the flag of our country from contempt and desecration, and courts should be zealous to uphold all valid laws directed to such good purpose.

The right of free speech guaranteed under the First Amendment is not absolute—the desecration of the flag of the United States is not protected by this amendment and desecration should not be tolerated. A government that is impotent to protect its flag cannot insure freedom to its citizens. The petition is dismissed.

The clerk is directed to send a copy of this opinion and judgment to counsel of record.