438 F.2d 1194
 Edwin J. MANGOLD, individually and as parent and natural
guardian of Janes A. Mangold and Leonard Mangold
v.
The ALBERT GALLATIN AREA SCHOOL DISTRICT, FAYETTE COUNTY,
PENNSYLANIA, c/o Carmine Molinaro, Esq., Solicitor, 311
Second National Bank Building, Connellsville, Pennsylvania,
15425, c/o Ruby Provane, Secretary, Fairchance-Georges
Junior-Senior High School, R.D. #2, Union-town, Pennsylvania
15401. The Albert Gallatin Area School District, Appellant.
 No. 18482.
 United States Court of Appeals, Third Circuit.
 Submitted Jan. 14, 1971.
Decided March 3, 1971.
 
 Carmine V. Molinaro, Jr., Connellsville, Pa., for appellant.
 Louis B. Kushner, Pittsburgh, Pa., for appellee.
 Before SEITZ and VAN DUSEN, Circuit Judges, and MANSTERSON, District judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 On March 17, 1969, the board of education of the Albert Gallatin Area School District adopted a motion that the school district 'install Bible reading and some nondenominational mass prayer in the school district.' Although the defendant school district argues that the daily program of Bible reading and nondenominational mass prayer that followed the adoption of this motion was merely 'voluntary actions of students,' the district court found state action present, as it found that the motion adopted by the school district 'procured' and was the 'origin' of the above-described religious program. This finding, which is amply supported by the record, led the district court to enjoin as a violation of the establishment clause of the first amendment the conduct of religious exercises pursuant to the school board motion. This appeal followed.
 
 
 2
 A state-initiated[1] program of religious observance in the public schools constitutes a violation of the establishment clause of the first amendment. School District of Abington Twp. v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963). Neither the fact that participation by students in the program is 'voluntary,' nor the fact that the program may be denominationally neutral, is of constitutional moment when the establishment clause is involved. Engel v. Vitale, 370 U.S. 421, 430, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962). Nor can this program be considered 'study of the Bible or of religion, * * * presented objectively as part of a secular program of education,' which Schempp suggests might be conducted consistently with the prohibitions of the first amendment. 374 U.S. at 225, 83 S.Ct. at 1573. On the contrary, since a program of Bible reading alone is unconstitutional under Schempp, it must follow that the religious program in this case, which involved Bible reading and prayer as well, must also be unconstitutional. See Chamberlin v. Dade County, Board of Public Instruction, 377 U.S. 402, 84 S.Ct. 1272, 12 L.Ed.2d 407 (1964).
 
 
 3
 Accordingly, the December 18, 1969, order of the district court declaring this practice unconstitutional and enjoining its continuance will be affirmed.
 
 
 
 [1]
 Action of school authorities in their official capacities is clearly state action within the meaning of the fourteenth amendment. Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). State action that initiates a pattern of conduct is the equivalent for fourteenth amendment purposes of state action that mandates a pattern of conduct. See Developments in the Law-- Academic Freedom, 81 Harv.L.Rev. 1045, 1056-58 (1968)