Grafton,
No. 6354.

STATE *v.* GARLAN E. HOSKIN.

STATE *v.* SUSAN ELY.

September 29, 1972.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*Stebbins & Bradley* and *Blair C. Wood* (*Mr. Wood* orally) for the defendant Hoskin.

*Samuel L. Hays,* by brief and orally, for the defendant Ely.

DUNCAN, J. The defendants in these actions were severally convicted by the Lebanon District Court of violation of RSA 262:27-c (supp.). It is not disputed that the defendant Hoskin hammered out and painted over in white paint the words "Live Free or Die" upon 1971 automobile registration plates issued to him, and that the defendant Ely placed tape over the same words, upon 1971 plates issued to her.

Following appeals to the superior court, that Court (*Johnson,* J.) reserved and transferred without ruling to this court, in advance of trial, the questions of law presented by the contentions of the defendants that imposition of criminal liability for their conduct exceeds the police power of the State, and that if construed to impose liability the statute violates rights guaranteed to the defendants by the State and Federal Constitutions.

At all times since the statute was amended in 1957 (Laws 1957, 168:1) it has been an offense to knowingly obscure or permit to be obscured "the figures" on any number plate attached to any motor vehicle, whether issued by this or by another State. RSA 262:27-c (supp.). Since the amendment effective August 26, 1967 (Laws 1967, 281:1), it has been an offense to so obscure or permit to be obscured "the figures or letters" on such a plate. RSA 262:27-c (supp.).

As early as 1905, registration plates were required to bear a distinguishing number followed by the letters, "N.H." (Laws 1905, 86:2), and later, "figures showing the year of issue". Laws 1911, 133:2. After the "material and design" of such plates was delegated to the motor vehicle commissioner (Laws 1943, 3:2; *see* RSA 263:1), the identifying numbers came to be preceded by letters according to the county of the registrant's residence, and "special" number plates were authorized in 1953. RSA 260:10. "Initial" number plates (on payment of a service fee) were authorized in 1957 (RSA 260:10-a (supp.)), and a proliferation of special plates bearing a variety of "letters" have from time to time been authorized. *See* RSA 260:11-a (supp.), 11-b (supp.); RSA 260:17 (supp.), 18 (supp.); RSA 262:6 (Laws 1937, 203:1 (repealed 1967)); RSA 262:14. Many of the distinguishing identifications so provided for serve to indicate that the displaying vehicle is subject to special regulations. *See* RSA 261:20 (supp.); RSA 236:9.

Between 1957 and 1970 registration plates bore the letters "Scenic New Hampshire". In 1969, Laws 1969, 494:1 was enacted requiring noncommercial plates to bear the State motto: "Live Free or Die" which replaced the word "scenic" on 1971 registration plates. RSA 263:1 (supp.); *see* RSA 3:8 (Laws 1945, 152:1). Display of such plates is required by the same statute. RSA 263:1 (supp.).

In the light of these statutory provisions, we hold that the statute under which the defendants were prosecuted (RSA 262:27-c(supp.)) operates to penalize obliteration of the State motto. The primary purposes of the requirement of registration plates, as the defendants recognize, are the raising of revenue and the identification of vehicles. *Bosen* v. *Larrabee,* 91 N.H. 492, 23 A.2d 331 (1941). Display of the State motto on noncommercial plates was doubtless motivated in part by a desire to perpetuate history and tradition, since the motto derives from the words of Major General John Stark, reputed to have been written in 1809 as part of a toast in a letter to former comrades-at-arms: "Live free or die; death is not the worst of evils." Moore, A Life of General John Stark of New Hampshire 500 (1949). The excerpt adopted as the State motto is reminiscent of the words of Patrick Henry in 1775: "[B]ut as for me, give me liberty or give me death." But regardless of its historical significance, the official State motto became a part of "letters" appearing on New Hampshire registration plates, and as such served with other letters and figures as a means of identification of the vehicles upon which it appeared. Similarly the slogans and mottoes which appear upon plates issued by other states, serve to aid in identification of vehicles registered there. RSA 262:27-c (supp.).

The State motto upon New Hampshire plates falls within the literal language of the statute, RSA 262:27-c (supp.), and the offenses of which the defendants stand convicted were violations of the statute. *State* v. *Richardson,* 92 N.H. 178, 27 A.2d 94 (1942); *Haselton* v. *Interstate Stage Lines Inc.,* 82 N.H. 327, 133 A. 451 (1926).

Obliteration of the motto tends to defeat the establishment of a uniform number plate system, and is analogous to the offense of mutilation of national coins or currency by obliteration of the national motto, "In God We Trust". 31 U.S.C.A. *s.* 324 (a) (supp.); 18 U.S.C.A. *ss.* 331, 333; *see Engel* v. *Vitale,* 370 U.S. 421, 440 n.5, 8 L. Ed. 2d 601 n.5, 82 S. Ct. 1261 n.5 (1962). Since the registration of vehicles is a reasonable regulatory measure, RSA 262:27-c (supp.) is well within the limits of the police power. "Legislation making conduct a public offense is in exercise of the policy to promote the

general welfare." *State* v. *Williams,* 92 N.H. 377, 378, 31 A. 369, 370 (1943). We cannot say that the legislature could not reasonably find that display of the State motto in the manner required would promote the general welfare by encouraging State pride and individualism through this reminder of its heritage. *Halter* v. *Nebraska,* 205 U.S. 34, 41, 51 L. Ed. 696, 701, 27 S. Ct. 419, 421 (1907); *Froslid* v. *Hults,* 20 App. Div. 2d 498, 503, 248 N.Y.S.2d 676, 681, *appeal dismissed,* 14 N.Y.2d 722, 199 N.E.2d 166 (1964). We find no violation of due process of law. *Coleman* v. *School District,* 87 N.H. 465, 472, 183 A. 586, 589 (1936); *Sproles* v. *Binford,* 286 U.S. 374, 388, 76 L. Ed. 1167, 1179, 52 S. Ct. 581, 585 (1932).

The legislative classification between commercial and non-commercial vehicles is not arbitrary or unreasonable. Number plates issued to commercial vehicles are labelled "commercial" and such vehicles are subject to special regulations not applicable to noncommercial vehicles. Similarly farm, agricultural and diesel vehicles are identified by plates which so indicate. Classification which thus facilitates administration of regulatory measures is not to be held unreasonable, and obliteration of letters upon plates attached to commercial vehicles is equally an offense under RSA 262:27-c (supp.). We hold that the defendants were not deprived of the equal protection of the law. *See Allen* v. *Manchester,* 99 N.H. 388, 111 A.2d 817 (1955); *Sproles* v. *Binford,* 286 U.S. at 396, 76 L. Ed. at 1183, 52 S. Ct. at 588.

We also hold lacking in merit the contention that the defendants were deprived of rights under the first amendment to the United States Constitution. Their argument based upon that amendment lies in narrow compass. They do not argue that their action in obliterating the motto from plates issued to them was symbolic conduct, recognizable as communication equivalent to speech. *See United States* v. *O'Brien,* 391 U.S. 367, 376, 20 L. Ed. 2d 672, 679, 88 S. Ct. 1673, 1678 (1968); *Cowgill* v. *California,* 396 U.S. 371, 372, 24 L. Ed. 2d 590, 591, 90 S. Ct. 613, 614 (1970). Their argument is that they are penalized because they have exercised a right to be free from a required affirmation of belief. *Board of Education* v. *Barnette,* 319 U.S. 624, 87 L. Ed. 1628, 63 S. Ct. 1178 (1943).

The *Barnette* case struck down a compulsory oral and symbolic declaration of belief. The statutes which the defendants attack require no such conduct. Their argument proceeds upon the hypothesis that the requirement that they display the State motto upon vehicles registered by them compels them to affirm that they believe and support a sentiment or sentiments with which they disagree. This hypothesis we do not accept.

The State has determined that the plates shall carry a maxim which it deems to be for the general welfare. *Halter* v. *Nebraska supra.* The statutes of which defendants complain, do not require that they profess a belief therein, but only that they shall not interfere with its promulgation by the means chosen by the State. Their right to free speech is not diminished by this requirement. *Cf. Taylor* v. *Mississippi,* 319 U.S. 583, 87 L. Ed. 1600, 63 S. Ct. 1200 (1943). Their right to profess their own belief is not a right to dictate what insignia the State shall display upon the indicia of a State-issued license. As Mr. Justice Harlan observed in concurring in *Lathrop* v. *Donohue:* "[T]he Constitution does not protect against the mere play of personal emotions." *Lathrop* v. *Donohue,* 367 U.S. 820, 857, 6 L. Ed. 2d 1191, 1213, 81 S. Ct. 1826, 1845 (1961).

The defendants' membership in a class of persons required to display plates bearing the State motto carries no implication and is subject to no requirement that they endorse that motto or profess to adopt it as matter of belief. By virtue of his required membership in a bar association a member does not profess to subscribe to every stand taken by a majority of the members. *In re Unified New Hampshire Bar,* 112 N.H. 204, 291 A.2d 600 (1972); *Lathrop* v. *Donohue,* 367 U.S. 820, 6 L. Ed. 2d 1191, 81 S. Ct. 1826 (1961). One who spends the coin or currency of the United States bearing the motto "In God We Trust", or the Latin phrase "e pluribus unum", is not understood by others to proclaim his belief in either sentiment. *See Opinion of the Justices,* 108 N.H. 97, 102, 228 A.2d 161, 164 (1967); *Lincoln* v. *Page,* 109 N.H. 30, 241 A.2d 799 (1968). Similarly, we think that viewers do not regard the uniform words or devices upon registration plates as the craftsmanship of the registrants. They are known to

be officially designed and required by the State of origin. The hard fact that a registrant must display the plates which the State furnished to him if he would operate his vehicle is common knowledge. Nothing in the statutes of this State preclude him from displaying his disagreement with what appears thereon provided the methods used do not obscure the number plates. The contentions of the defendants are held to be without merit.

*Remanded.*

All concurred.