Rockingham,
No. 6429

STATE OF NEW HAMPSHIRE

v.

JAMES A. CLINE

May 31, 1973

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*Maynard, Dunn & Phillips (Mr. Vincent P. Dunn* orally) for the defendant.

GRIMES, J.   This case involves the constitutionality of RSA 573:2 which prohibits the appending, annexing or affixing to the flag of the United States of any inscription, design, device, symbol, name, advertisement, words, marks, or notice whatever. Defendant also contends that his sentence in the Hampton District Court could not constitutionally be increased by the superior court after an appeal and trial de novo.

Defendant Cline was apprehended by a Hampton police officer while wearing a blanket over his shoulders on the back of which was sewn an American flag with a peace symbol drawn on it. The complaint charged defendant with "affix-[ing] a symbol to a flag of the United States of America to wit: did display a flag of the United States of America when said flag had a peace symbol drawn on said flag, and did cause this said flag to be displayed in public." RSA 573:2 states: "No person shall in any manner append, annex or affix, or cause the same to be done, to any such flag, standard, color, or ensign any inscription, design, device, symbol, name, advertisement, words, marks, or notice whatever, or exhibit or display, or cause to be exhibited or displayed, any such flag, standard, color, or ensign, or any flag or ensign evidently purporting to be either of the same, upon which shall in any manner be placed, attached, annexed, or affixed any inscription, design, device, symbol, name, advertisement, words, marks, or notice whatever." "Any such flag" refers to the flag of the United States or of any State as provided in RSA 573:1.

At trial, the defendant admitted drawing the symbol and displaying it in public, but stated that his intent was to display the symbol as a protest against the war in Vietnam and "to symbolize peace and American justice."

Defendant was found guilty by the Hampton District Court and fined $50. He then appealed to the superior court where, after a trial de novo, he was convicted and fined $25 and sentenced to imprisonment for three days. Defendant excepted to the superior court's denial of his motion to dismiss the complaint on the constitutional grounds that the statute

is void for vagueness and violates the first amendment. Defendant also excepted to the superior court's denial of his motion to vacate the increased sentence as a denial of his constitutional right to appeal. The Superior Court (*Grant,* J.) reserved and transferred all exceptions of record.

Contrary to some flag statutes, RSA 573:2 is narrowly drawn and relates only to the flag itself or "any flag or ensign evidently purporting" to be such flag and does not prohibit the use of the colors, stripes and stars in any arrangement or number or any representation of the flag as do some statutes. *See Parker v. Morgan,* 322 F. Supp. 585 (W.D.N.C. 1971) and *Long Island Vietnam Moratorium Comm. v. Cahn,* 437 F.2d 344 (2d Cir. 1970).

The statute here in question also restricts itself to certain specified and easily identifiable acts visited upon the flag itself. Our statute clearly defines the acts which are forbidden in a way that leaves no doubt what is prohibited and what is not and therefore gives all persons, including law-enforcement authorities, adequate notice of its prohibitions. It is not, therefore, void for vagueness.

For these same reasons, the statute is not overbroad with respect to first amendment rights of free speech. It in no way restricts pure speech and for reasons which we shall state, it places no unconstitutional burden on so-called "symbolic speech". We think that in view of the precise wording of this statute, there is no probability that protected activities will be curtailed for fear of running afoul of its prohibitions.

The United States Supreme Court has not yet established a test for finding when "conduct becomes so intertwined with expression" that it becomes symbolic speech entitled to first amendment protection. *Cowgill v. California,* 396 U.S. 371, 372, 24 L. Ed. 2d 590, 590, 90 S. Ct. 613, 614 (1970) (Harlan, J. concurring). In a number of cases, however, ideas communicated nonverbally were held entitled to constitutional protection. *Stromberg v. California,* 283 U.S. 359, 75 L. Ed. 1117, 51 S. Ct. 532 (1931); *West Virginia St. Bd. of Educ. v. Barnette,* 319 U.S. 624, 87 L. Ed. 1628, 63 S. Ct. 1178 (1943); *Tinker v. Des Moines School Dist.,* 393 U.S. 503, 21 L. Ed. 2d 731, 89 S. Ct. 733 (1969); *Schacht v. United States,* 398 U.S. 58, 26 L. Ed. 2d 44, 90 S. Ct. 1555 (1970).

To characterize defendant's conduct as symbolic speech would not resolve the issue, for symbolic speech is not afforded the same first and fourteenth amendment protection as ideas communicated by pure speech. *Cox v. Louisiana,* 379 U.S. 536, 555, 13 L. Ed. 2d 471, 484, 85 S. Ct. 453, 464 (1965). *See also Street v. New York,* 394 U.S. 576, 22 L. Ed. 2d 572, 89 S. Ct. 1354 (1969). The State may under certain circumstances regulate the nonspeech element of symbolic speech with justifiable incidental limitations on the speech element. In *United States v. O'Brien,* 391 U.S. 367, 377, 20 L. Ed. 2d 672, 680, 88 S. Ct. 1673, 1679 (1968), the Supreme Court stated "a government regulation is sufficiently justified if it is within the constitutional power of the government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged first amendment freedoms is no greater than is essential to the furtherance of that interest."

The defendant admits that regulation of the flag is within the police power of the State. The government clearly has an interest in promoting the loyalty of its people *(Halter v. Nebraska,* 205 U.S. 34, 51 L. Ed. 696, 27 S. Ct. 419 (1907); *State v. Hoskin,* 112 N.H. 332, 295 A.2d 454 (1972)) and in protecting the flag from desecration. *Hoffman v. United States,* 445 F.2d 226 (D.C. Cir. 1971); *Sutherland v. DeWulf,* 323 F. Supp. 740 (S.D. Ill. 1971); *United States v. Ferguson,* 302 F. Supp. 1111 (N.D. Cal. 1969); *Joyce v. United States,* 454 F.2d 971 (D.C. Cir. 1971); *Parker v. Morgan supra; Cole v. Graybeal,* 313 F. Supp. 48 (W.D. Va. 1970).

The acts prohibited by this statute are only those which would affect the physical integrity of the flag. Since the flag is the universal symbol of our heritage, the State has an interest in preserving it in its pristine purity, free from being corrupted or disfigured by marks upon it. All of the cases last cited above recognize this right even though some of them were decided on other grounds. Cases such as *Goguen v. Smith,* 471 F.2d 88 (1st Cir. 1972); *Crosson v. Silver,* 319 F. Supp. 1084 (D. Ariz. 1970); *Hodsdon v. Buckson,* 310 F. Supp. 528 (D. Del. 1970); *Thoms v. Smith,* 334 F. Supp. 1203

(D. Conn. 1971), relate to statutes which are neither limited by their terms nor as construed to acts which physically affect the integrity of the flag. This governmental interest in protect·· ing the physical integrity of the flag is unrelated to the suppression of free expression. The prohibition is not against conveying ideas but only against specific acts inflicted upon the flag itself. Any incidental limitation of first amendment freedoms thai may result from this statute are certainly no greater than is essential to the furtherance of the state interest. In fact, viewed in the light of the countless means of expression that remain available for the conveying of ideas, any incidental effect of this statute on first amendment rights is negligible. It is our opinion, therefore, that all the requirements of the *O'Brien* test are met and our statute is constitutional, both on its face and as applied to this defendant.

*Stromberg v. California supra,* involving the use of a red flag, *West Virginia St. Bd. of Educ. v. Barnette supra,* involving the flag salute, *Tinker v. Des Moines School Dist. supra,* involving the wearing of black armbands, and *Schacht v. United States supra,* involving the wearing of a military uniform, require no different result than we reach here. In none of those cases did the government have the same interest that it has here. None of those cases involved the protection of the flag of the United States from physical mutilation. The government has no legitimate interest in prohibiting the use of the red flag or black armbands. *Barnette* involved compulsory expression of respect for the flag and is clearly distinguishable from this case. *Schacht* was a restriction on the expression of ideas. The statute there involved was not directed at protecting the military uniform from mutilation but against expressing ideas in a play which "tend to discredit" the army. *Schacht v. United States,* 398 U.S. at 62, 26 L. Ed. 2d at 48, 90 S. Ct. 1559 (1970).

We reject defendant's contention that his constitutional rights were violated when the superior court after a trial de novo on appeal imposed a different sentence than was imposed by the district court. The district court had imposed a $50 fine while the superior court imposed a fine of $25 but sentenced him to three days in the house of correction. Defendant's contention has been disposed of by *Colten v.*

*Kentucky,* 407 U.S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972).

*Exceptions overruled; remanded.*

All concurred.