Request of the Senate
No. 6698

OPINION OF THE JUSTICES

June 27, 1973

The following resolution was adopted by the senate on June 19, 1973, and filed with the supreme court on June 20, 1973:

"WHEREAS, there is presently pending before the Senate House Bill 639, as amended in house journal May 17, 1973, pages 1149-1150, An Act permitting the Lord's Prayer and the pledge of allegiance in public schools at local option, and

"WHEREAS, RSA 194:3-a and RSA 47:27 as inserted by sections 2 and 3 of said bill would permit the voluntary recitation of the Lord's Prayer in public schools in cities and towns upon adoption of a school board resolution or upon approval at a school district meeting or at a referendum held at a regular municipal election, and

"WHEREAS, an amendment to House Bill 639 has been proposed in the Senate (a copy of which is attached), and

"WHEREAS, questions have been raised concerning the constitutionality of House Bill 639, as amended, and as to the constitutionality of the proposed Senate amendment to House Bill 639,

"Now, Therefore Be It Resolved

That the Justices of the Supreme Court respectfully be requested to give their opinion upon the following questions of law:

"1. Would any provision of the constitution of the United States or of the constitution of New Hampshire be violated

by the provisions of House Bill 639 as it has been amended by the House of Representatives, or by the implementation of the provisions of such bill?

"2. If the answer to question 1 is yes, would any provision of the constitution of the United States or of the constitution of New Hampshire be violated by the provisions of the proposed Senate amendment to House Bill 639 or by the implementation of the provisions of such amendment?

"Be it further resolved, that the President of the Senate transmit seven copies of this resolution and of House Bill 639, as amended, and of the proposed Senate amendment to House Bill 639 to the Clerk of the Supreme Court for consideration by the Court."

The following answer was returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court submit the following answers to the questions contained in your resolution filed June 20, 1973, relating to House bill 639 as presently amended and also as it would be amended by a proposed senate amendment.

House bill 639 as already amended would empower school districts and cities to authorize by specified votes the voluntary daily recitation in the public schools of the Lord's Prayer and the pledge of allegiance to the flag of the United States.

Amended House bill 639 in its declaration of purpose recites that it is in the public interest to encourage school boards to authorize the recitation of the Lord's Prayer and the pledge of allegiance to the flag in the public schools every day. In furtherance of this purpose, it permits but does not require local enactments authorizing their voluntary recitation. Since the amendment in the senate includes the pledge of allegiance to the flag but does not include the Lord's Prayer, we consider first the constitutionality of encouraging by law a daily recital of the Lord's Prayer in the public schools.

In determining whether amended House bill 639 is constitutional, we are concerned with the guaranty of religious liberty contained in the first amendment to the Constitution of the United States. We are bound in the interpretation

of this amendment by the decisions of the Supreme Court of the United States. The significant language of the amendment provides, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." By reason of the fourteenth amendment this provision controls enactments by the States. *Abington School Dist. v. Schempp*, 374 U.S. 203, 10 L. Ed. 2d 844, 83 S. Ct. 1560 (1963).

We find that amended House bill 639 insofar as it encourages and authorizes the recital of the Lord's Prayer in the public schools does not avoid the constitutional difficulties present in a proposed 1967 House bill which mandated morning exercises to include in the discretion of the classroom teacher the use of the Lord's Prayer, and other religious readings. *Id.; Opinion of the Justices,* 108 N.H. 97, 228 A.2d 161 (1967).

In a recent elaboration of the test to be applied to determine whether a law offends the first amendment prohibition on enactments "respecting an establishment of religion", the Supreme Court of the United States speaking through Chief Justice Burger stated:

"In the absence of precisely stated constitutional prohibitions, we must draw lines with reference to the three main evils against which the Establishment Clause was intended to afford protection: 'sponsorship, financial support, and active involvement of the sovereign in religious activity.' *Walz v. Tax Commission,* 397 U.S. 664, 668, 90 S. Ct. 1409, 25 L. Ed. 2d 697 (1970).

"Every analysis in this area must begin with consideration of the cumulative criteria developed by the court over many years. Three such tests may be gleaned from our cases. First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, *Board of Education v. Allen,* 392 U.S. 236, 243, 88 S. Ct. 1923, 1926, 20 L. Ed. 2d 1060 (1968); finally, the statute must not foster 'an excessive governmental entanglement with religion.' *Walz, supra* at 674, 90 S. Ct. at 1414." *Lemon v. Kurtzman,* 403 U.S. 602, 612, 29 L. Ed. 2d 745, 755, 91 S. Ct. 2105, 2111 (1971).

Tested by these standards amended House bill 639 by

encouraging and authorizing the daily recital of the Lord's Prayer in the public schools "sanctions and encourages a religious exercise to be conducted by teachers in the public schools and would therefore be in violation of the First Amendment to the Constitution of the United States as interpreted by the Supreme Court of the United States. *Schempp supra; Chamberlin v. Public Instruction Board,* 377 U.S. 402." *Opinion of the Justices,* 108 N.H. 97, 228 A.2d 161 (1967).

"It is neither sacrilegious nor antireligious to say that each separate government in this country should stay out of the business of writing or sanctioning official prayers and leave that purely religious function to the people themselves and to those the people choose to look to for religious guidance." *Engel v. Vitale,* 370 U.S. 421, 435, 8 L. Ed. 2d 601, 610, 82 S. Ct. 1261, 1269 (1962).

The amendment proposed in the senate to House bill 639 would provide for "voluntary silent meditation" in place of the Lord's Prayer. In our opinion neither the encouragement nor authorization of voluntary silent meditation nor a voluntary pledge of allegiance to the flag violates the first amendment to the Constitution of the United States as interpreted by the Supreme Court of the United States. *Opinion of the Justices,* 108 N.H. 97, 228 A.2d 161 (1967).

"It has not been shown that readings from the speeches and messages of great Americans, for example, or from the documents of our heritage of liberty, daily recitation of the pledge of allegiance, or even the observance of a moment of reverent silence at the opening of class, may not adequately serve the solely secular purposes of the devotional activities without jeopardizing either the religious liberties of any members of the community or the proper degree of separation between the spheres of religion and government." Brennan, J. concurring in *Abington School District v. Schempp,* 374 U.S. 203, 281, 10 L. Ed. 2d 844, 891, 83 S. Ct. 1560, 1602 (1963).

In the event the proposed senate amendment should be enacted, it should explicitly provide for a voluntary pledge of allegiance as well as voluntary silent meditation in order to avoid the possibility of conflict with the Constitution of the United States. In *West Virginia State Board of Education v. Barnette,* 319 U.S. 624, 87 L. Ed. 1628, 63 S. Ct. 1178

(1943), it was held that a school child may not be compelled to pledge allegiance to the flag. *See* Kurland, *The Supreme Court, Compulsory Education And The First Amendment Religion Clauses,* 75 W. Va. L. Rev. 213, 223 (1973).

In summary, you are advised that amended House bill 639 would be unconstitutional and that if amended as proposed by the senate as herein suggested, it would be constitutional.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
ROBERT F. GRIFFITH

Governor Meldrim Thomson, Jr., by his legal counsel, Charles G. Douglas III, Rep. Helene R. Donnelly (Strafford, Dist. 14) and Rep. Noreen D. Winkley (Strafford, Dist. 10) for negative answers.