James A. CLINE, Petitioner-Appellee,

v.

ROCKINGHAM COUNTY SUPERIOR COURT, Respondent-Appellant.

No. 74–1016.

United States Court of Appeals, First Circuit,

Argued April 3, 1974.

Decided Sept. 5, 1974.

Robert V. Johnson, II, Asst. Atty. Gen., with whom Warren B. Rudman, Atty. Gen., was on brief, for respondent-appellant.

Richard S. Kohn, Concord, N. H., on brief for petitioner-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

The State of New Hampshire, acting on behalf of the superior court, appeals from the granting of a writ of habeas corpus. 367 F.Supp. 1146 (D.N.H. 1973). We affirm, but on different grounds.

The facts are as follows. On July 29, 1970, petitioner-appellee Cline, then 18 years old, walked up to a police officer on the street in Hampton Beach, N. H., and asked him where he could buy a pair of shoes. After being informed, Cline turned away. At that point the officer noticed an American flag sewn to a blanket draped over Cline's shoul-

der. On this flag a peace symbol had been penned in ink. The officer thereupon arrested Cline. It is stipulated that the only reason for the arrest was the fact that a peace symbol was drawn on the flag.

Cline was charged with violating former N.H.Rev.Stats.Ann. ch. 573:2 (1955 ed.) (repealed 1973), which provided:

> "*Affixing to Flags, etc.* No person shall in any manner append, annex or affix, or cause the same to be done, to any . . . flag, standard, color, or ensign [of the United States] any inscription, design, device, symbol, name, advertisement, words, marks, or notice whatever, or exhibit or display, or cause to be exhibited or displayed, any such flag, standard, color, or ensign, or any flag or ensign evidently purporting to be either of the same, upon which shall in any manner be placed, attached, annexed, or affixed any inscription, design, device, symbol, name, advertisement, words, marks, or notice whatever."

He was initially tried and convicted before the Hampton District Court and appealed to the Rockingham County Superior Court, where he was entitled to and received a trial *de novo* before a jury. At trial Cline acknowledged drawing the peace symbol on the flag. He said he did so as a protest against war in general and the Vietnam war in particular. He further said he had no intention to mutilate or show contempt toward the flag. The state made no effort to contradict this testimony. The superior court instructed the jury that Cline should be convicted if it was found that he affixed the symbol to the flag and so

displayed it. The jury returned a verdict of guilty.

The New Hampshire Supreme Court overruled Cline's exceptions, holding that the statute did not impermissibly infringe upon first amendment rights either on its face or as applied. The New Hampshire court further held that the statute was not void for vagueness. State v. Cline, 305 A.2d 673 (N.H.1973).

Cline then filed the instant petition for habeas corpus in the District Court for the District of New Hampshire. Relying largely on our decision in Goguen v. Smith, 471 F.2d 88 (1st Cir. 1972), aff'd on other grounds, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974), the district court granted the petition on the ground that ch. 573:2 was unconstitutional on its face because it was overbroad in its interference with first amendment rights. 367 F.Supp. 1146.[1]

■ We need not go as far as the district court and hold that the state statute was unconstitutional on its face. The recent Supreme Court decision in Spence v. Washington, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974), has made it clear that the statute was unconstitutionally applied to petitioner Cline's activity in the instant case. *See also* State v. Kool, 212 N.W.2d 518 (Iowa 1973). We affirm the granting of the writ of habeas corpus on that ground.[2]

In *Spence,* a college student hung a United States flag from his apartment-house window. The flag was upside down, and attached upon it on both sides was a peace symbol made of removable black tape. The student was convicted under a state statute quite similar to the

---

1. There was no need to convene a three-judge district court under 28 U.S.C. § 2281 (1970) because the constitutionality of the New Hampshire statute was raised in the context of a habeas corpus proceeding. Wilson v. Gooding, 431 F.2d 855 (5th Cir. 1970), aff'd, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

2. We have no reason to invalidate the statute on its face when it has already been repealed. We do note, however, that the district court's decision is supported by Cahn v. Long Island Vietnam Moratorium Comm., —— U.S. ——, 94 S.Ct. 3197, 41 L.Ed.2d 1153 (1974), aff'g mem. 437 F.2d 344 (2d Cir. 1970). *See also* Spence v. Washington, *supra,* at 414 n. 9, 94 S.Ct. 2727 n. 9 (dictum).

New Hampshire statute in the instant case. At trial the student testified that he put the symbol on the flag to protest the then recent invasion of Cambodia and the killings at Kent State University. It was conceded that the sole reason for his arrest was the placing of the symbol on the flag and exposing it in that condition. The Supreme Court reversed the conviction, holding that the student had been engaged in the expression of an idea through activity and that none of the state interests arguably supporting his prosecution under the statute were significantly impaired by his activity. The state interests considered were prevention of breach of the peace, protection of the sensibilities of passersby, and preservation of the national flag as an unalloyed symbol of our country.

The similarity of *Spence* to the instant case is clear. We see only two arguable distinctions. First, in our case the peace symbol was not created with removable black tape, but with ink. Thus, it was presumably not as easily removed afterwards. Second, in our case the petitioner did not display the flag from his window, but rather from a blanket draped over his shoulder as he walked down the beach in the town of Hampton. We think both these distinctions are immaterial. Although Cline might have trouble removing the peace symbol from the flag, the crucial point is that the flag belonged to him and not to the government. Thus, as the Supreme Court said in *Spence,* the important interest of protecting public property from misuse is not at issue here.

As to the three interests addressed in *Spence,* it seems clear to us that the state has failed to show the impairment of any legitimate interest. Although Cline displayed his flag on the street, he did not display it in any of the special public areas where the state necessarily has some power to restrict expressive activity because of strong countervailing interests.[3] The state has not contended here, nor could it do so on this record, that Cline's flag was likely to touch off a breach of the peace. Nor was there any contention that his flag was thrust upon a "captive" audience. Finally, New Hampshire has made no stronger a case than did Washington that defendant's conduct threatened the national flag "as an unalloyed symbol of [sovereignty]." 418 U.S. at 412, 94 S.Ct. at 2731. (*Spence*)

■ Most important, the state, while contending that Cline's activity was "bizarre behavior falling short of meaningful communication," does not challenge Cline's testimony that he intended his display of the flag to convey his personal feelings about war in general and the Vietnam war in particular. United States forces were still actively engaged in Vietnam combat at the time. Indeed, Cline's display of the flag occurred only two months after the college student's display of the flag in *Spence.* As in that case, Cline's display of the flag must be regarded as "a pointed expression of anguish . . . about the then current domestic and foreign affairs of his government." At 410, 94 S. Ct. at 2730. Such expression is protected by the first amendment and cannot be criminally punished except in the most compelling circumstances. No such circumstances are present in the instant case.

Affirmed.

---

3. On this point, the *Spence* Court referred to Procunier v. Martinez, 416 U.S. 396, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974) (prison); Healy v. James, 408 U.S. 169, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972) (college); Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (high school and junior high school).